**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| MONICA JESSENIA S.-R., | Case No. 26-cv-1109 (LMP/DLM) |
| Petitioner, | |
| v. | **AMENDED ORDER GRANTING PETITION AND TO ORDER RESPONDENTS TO RETURN PETITIONER TO MINNESOTA PRIOR TO HER RELEASE IN MINNESOTA NO LATER THAN FEBRUARY 13, 2026** |
| PAMELA BONDI, *Attorney General of the United* States; KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*; TODD M. LYONS, *Acting Director, U.S. Immigration and Customs Enforcement*; DAVID EASTERWOOD, *Acting Director, Saint Paul Field Office Director, U.S. Immigration and Customs Enforcement.* | |
| Respondents. | |

---

Liliana Zaragoza, **University of Minnesota Law School Racial Justice Law Clinic, Minneapolis, MN**, for Petitioner.

Friedrich Siekert, **United States Attorney's Office, Minneapolis, MN**, for Respondents.

Petitioner Monica Jessenia S.-R. is a citizen of Ecuador who lives in Minneapolis and who has a pending asylum application. ECF No. 1 ¶¶ 12–13. Monica Jessenia S.-R., a diabetic who needs medication to control her blood sugar, was arrested by immigration officials on February 5, 2026, and remains in the custody of United States Immigration and Customs Enforcement. *Id.* ¶ 15. She asserts that Respondents (the "Government") have detained her pursuant to the mandatory detention provisions of 8 U.S.C. § 1225(b)(2). *See*

*id.* ¶ 29. Monica Jessenia S.-R. contends that she is not subject to detention under 8 U.S.C. § 1225(b)(2) but instead is subject to detention, if at all, under 8 U.S.C. § 1226(a), and that the Government has not presented a warrant that justifies her detention. *Id.* ¶¶ 38–46. Monica Jessenia S.-R. brings a verified petition for a writ of habeas corpus. *See generally id.*

On February 5, 2026, the Court ordered the Government to answer the petition no later than February 9, 2026. ECF No. 3. The Court further ordered the Government not to move Monica Jessenia S.-R. "during the pendency of these proceedings." *Id.* at 3. The Court noted that it has already found similarly situated noncitizens not to be subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and that such noncitizens are instead subject to the provisions of 8 U.S.C. § 1226(a). *See id.* at 2 (first citing *Roberto M. F. v. Olson*, No. 25-cv-4456 (LMP/ECW), 2025 WL 3524455, at *4 (D. Minn. Dec. 9, 2025); and then citing *Victor Hugo D. P. v. Olson*, No. 25-cv-4593 (LMP/DTS), 2025 WL 3688074, at *2–3 (D. Minn. Dec. 19, 2025)).

The Government timely responded and agrees with Monica Jessenia S.-R. that her case is not legally or factually distinguishable from those this Court has already decided. ECF No. 7. Nevertheless, the Government "assert[s] all arguments raised by the government in [*Avila v. Bondi*, No. 25-3248 (8th Cir. docketed Nov. 10, 2025)] . . . and respectfully request that the Court preserve those arguments for any appeal in this case." *Id.* Given the Government's candid acknowledgement that the issues raised are not distinguishable from those addressed in this Court's prior decisions, the Court concluded that Monica Jessenia S.-R. is not subject to the provisions of Section 1225(b)(2) and is

instead subject to the provisions of Section 1226(a) for the same reasons articulated in this Court's prior orders. *See, e.g.*, *Roberto M. F.*, 2025 WL 3524455, at *4; *Victor Hugo D. P.*, 2025 WL 3688074, at *2–3.

The Court has also concluded that if a petitioner is subject to the provisions of Section 1226(a), the Government must have issued the petitioner a warrant justifying the detention in the first place. *Joaquin Q. L. v. Bondi*, No. 26-cv-233 (LMP/DTS), 2026 WL 161333, at *2–3 (D. Minn. Jan. 21, 2026). If the Government does not do so, immediate release is the appropriate remedy. *Id.* Here, the Government did not assert any argument that it has provided Monica Jessenia S.-R. with a warrant or advance any argument that Monica Jessenia S.-R.'s detention is appropriate under Section 1226(a) without one, the Court granted the petition on February 10, 2026, and ordered Monica Jessenia S.-R.'s immediate release. ECF No. 8.

**Hours after the Court granted Monica Jessenia S.-R.'s petition, the Court received an emergency motion from Monica Jessenia S.-R. informing the Court that the Government had moved Monica Jessenia S.-R. to Texas at some point between February 5 and February 7, 2026. ECF Nos. 10, 11. This was the first that the Court was made aware of Monica Jessenia S.-R.'s location outside of the District of Minnesota. Monica Jessenia S.-R. therefore requested that the Court order the Government to return her to Minnesota prior to releasing her. ECF No. 10. The Court grants the emergency motion, ECF No. 10, and amends its prior order granting Monica Jessenia S.-R.'s petition. The amendments to the order are identified in bold and underlined below.**

3

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** Monica Jessenia S.-R.'s Petition for a Writ of Habeas Corpus (ECF No. 1) is **GRANTED** as follows:

    a. Monica Jessenia S.-R.'s Verified Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED**;

    b. **Monica Jessina S.-R.'s Emergency Motion (ECF No. 10) is granted**;

    c. The Government is **ORDERED** to release Monica Jessenia S.-R. from custody **by no later than 12:00 p.m. on Friday, February 13, 2026**;

    d. The Government is **ORDERED** to release Monica Jessenia S.-R. unconditionally **IN MINNESOTA** and to return all property to her; and

    e. The Government is **ORDERED** to file a status report certifying its compliance with this Order **by no later than 5:00 p.m. on Friday, February 13, 2026**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 10, 2026          *s/Laura M. Provinzino*
Time: 3:59 p.m.               Laura M. Provinzino
                            United States District Judge